McNair and Wade Land Company, a Florida Corporation, Appellant, v. Wyatt Jackson, Appellee. ·

The denial of a temporary injunction against cutting timber will not be reversed where the bill of complaint affirmatively shows the defendant had the right to cut some timber and there is no allegation that he was cutting more than authorized.

This case was decided by Division A.

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the Opinion of the Court.

*Kay, Doggett & Smith,* for Appellant;

No appearance for Appellee.

Cockrell, J.: This is an appeal from the refusal to grant a temporary injunction in behalf of the McNair and Wade Land Company against Wyatt Jackson. The motion was heard *ex parte* after notice upon bill and affidavits filed on behalf of the complainant.

The bill alleges that the McNair and Wade Company purchased in 1900, the timber upon certain lands in Taylor county with full turpentine and mills privileges from Sarah L. Parker; that subsequently Mrs. Parker conveyed the fee in the said lands to Wyatt Jackson, who "has unlawfully entered upon said lands without authority from your orator, and is committing trespass and waste on said lands by cutting and removing, or causing to be cut and removed therefrom the hard wood and other tim-

ber. And your orator further represents that said defendant has no right to said timber, either in law or equity, nor any right to enter upon said lands for the purpose of cutting and removing or causing to be cut and removed the said timber.

Your orator further represents that about the time the said defendant was about to enter upon said lands, your orator warned him that the timber upon said lands was owned by your orator, but notwithstanding the protest of your orator, the said defendant did enter upon said lands and began to trespass and waste above mentioned and still continues the same.

5. Your orator further represents that said defendant, his agents or employees, are cutting and removing the timber from said lands and will continue to cut and remove said timber unless restrained by the order of this honorable court; that the trespass complained of has greatly impaired the value of your orator's property, and if continued, will result in the removal of everything of any value which belongs to you orator, and that said trespass is continuous in its nature.

6. Your orator further represents that the said defendant is insolvent, and unable to respond to your orator in damages in any amount, even though your orator had an adequate remedy at law."

The specific prayer is that the defendant be enjoined from cutting any timber or removing any timber already cut or in anywise interfering with the complainant's possession; there is also a prayer for general relief.

The deed from Mrs. Parker to the complainant made a part of the bill without qualification and explanation, shows that ten acres of the lands described was reserved specifically for clearing and cultivation, and further, that

it was "agreed that the said party of the first part shall have the right to use sufficient of such timber as may be needed for rails, boards, etc., to keep her present farm in good repair."

The complainant can, under its deed, claim only the trees and some possible right to the support of the soil whereon they stand and can assert no right to exclude Mrs. Parker or her grantee from entering upon the land. *Non constat* the allegations of the bill the defendant may be doing no more than was specifically reserved to the owner of the lands, that is, cutting such timber only as may be "needed for rails, boards", etc., for usual farm purposes. If he has gone further and it is desired to enjoin him for the excess, the bill should so state.

Without intimating whether a case may be stated entitling the complainant to injunction relief, we find none sufficiently stated on the record now before us, and the interlocutory order appealed from is therefore affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.